**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4252**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DEVON RAYMUS STURDIVANT,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00194-RJC-1)

Submitted: March 4, 2009         Decided: March 23, 2009

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Long, POYNER & SPRUILL, Raleigh, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a plea agreement, Devon R. Sturdivant pled guilty to conspiracy to attempt to possess with intent to distribute cocaine, 21 U.S.C. § 846 (2006), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2006). He was sentenced to 262 months in prison. Sturdivant now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the United States should have moved for a downward departure based on Sturdivant's substantial assistance, but stating that there are no meritorious issues for appeal. Sturdivant has filed a pro se informal brief raising an additional issue. We affirm.

In imposing the 262-month sentence, the district court considered the factors set forth at 18 U.S.C. § 3553(a) (2006). With regard to "the history and characteristics of the defendant," the court stated that it would take into consideration Sturdivant's efforts to cooperate with the Government. Balancing this cooperation, however, was Sturdivant's extensive criminal history.

In the Anders brief, counsel contends that the United States should have moved for a downward departure based on Sturdivant's substantial assistance to the United States. See USSG § 5K1.1. The decision whether to file a § 5K1.1 motion

2

rests solely within the Government's discretion. United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). Thus, unless the Government has obligated itself in the plea agreement to make such a motion, its refusal to make a § 5K1.1 motion is not reviewable absent evidence of an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-87 (1992); Butler, 272 F.3d at 686-87.

Sturdivant's plea agreement did not obligate the United States to file a § 5K1.1 motion; rather, the agreement clearly stated that the decision whether to file such a motion lay within the sole discretion of the United States. This provision was summarized at Sturdivant's arraignment. Further, there is nothing in the record to suggest that the decision not to file a § 5K1.1 motion had an unconstitutional motivation.

In his informal brief, Sturdivant contends that Count Two of the indictment, which charged him with the firearm offense, was unconstitutional and deprived the court of jurisdiction. This claim is without merit. Defects in an indictment are not jurisdictional. United States v. Cotton, 535 U.S. 625, 631 (2002). Further, Sturdivant's valid guilty plea waived this claimed non-jurisdictional defect. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm. This court require that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. The motions to dismiss Count Two of the indictment and to correct jurisdictional defect are denied. We deny as moot the motions for fair and impartial review and to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED